**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP (SBN 237615)
TIMOTHY B. DEL CASTILLO (SBN 277296)
gknopp@akingump.com
tdelcastillo@akingump.com
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone: 310-229-1000
Facsimile: 310-229-1001

Attorneys for Plaintiff
Zayo Group LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ZAYO GROUP, LLC
a Delaware limited liability company

Plaintiff,

v.

ALEXANDRE HISA, an individual;
BRUCE CRONE, an individual;
MATTHEW KENDALL, an individual; INTERCONNX, INC., a California corporation

Defendants.

Case No. **SACV13 - 00752 JST (JPRx)**

**COMPLAINT FOR:**

1.) **BREACH OF CONTRACT**

2.) **BREACH OF FIDUCIARY DUTY OF LOYALTY**

3.) **BREACH OF DUTY OF CONFIDENCE**

4.) **TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

5.) **MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF CAL. CIV. CODE § 3426 *ET SEQ.***

6.) **UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***

COMPLAINT

203700533 v3

Plaintiff Zayo Group, LLC ("Zayo"), with knowledge as to its own conduct and upon information and belief as to all others, complains against Alexandre Hisa, Bruce Crone, Matthew Kendall, and Interconnx, Inc. as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332. This is a controversy between citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because this is the judicial district in which all defendants reside and where a substantial part of the events giving rise the claims occurred.

## PARTIES

3. Zayo is a limited liability company organized under the laws of Delaware with its principal place of business in Colorado.

4. Defendant Alexandre Hisa ("Hisa") is a citizen of the state of California, residing in the County of Orange.

5. Defendant Bruce Crone ("Crone") is a citizen of the state of California, residing in the County of Los Angeles.

6. Defendant Matthew Kendall ("Kendall") is a citizen of the state of California, residing in the County of Los Angeles.

7. Defendant Interconnx, Inc. ("Interconnx") is a corporation organized under the laws of the state of California with its principal place of business in California.

## BACKGROUND

8. On July 2, 2012, Zayo, a global provider of bandwidth infrastructure services, acquired AboveNet, Inc., expanding its network. Hisa, Crone, and Kendall were employed by AboveNet Communications, Inc., the primary operating subsidiary of AboveNet, Inc. when it was acquired by Zayo, and were offered and accepted employment with Zayo. Hisa was a Sales Director responsible for bandwidth and

telecommunications infrastructure sales to new and existing clients in the Southern California market, Kendall was an account executive reporting to Hisa, and Crone was a sales engineer in Southern California who worked with Hisa and Kendall on a regular basis.

9. As part of their employment with Zayo, Hisa, Crone, and Kendall acknowledged Zayo's written policy that prohibited conflicts of interest in business dealings. That policy provided that "[a]n actual or potential conflict of interest occurs when an employee is in a position to influence a decision that may result in a personal gain for that employee . . . as a result of Zayo Group's business dealings." Zayo's policies also expressly prohibited direct competition with the company by its employees: "Employees may not hold an outside job or contract position with any company operating in the Telecommunications Industry. . . . Outside employment that constitutes a conflict of interest is prohibited. Employees may not receive any income or material gain from individuals outside Zayo Group for materials produced or services rendered while performing their Zayo Group jobs." Zayo also prohibited the disclosure of business information and trade secrets by its employees, including, but not limited to, "contact information; customer lists; customer preferences; financial information; marketing strategies; negotiation tactics; pending projects and proposals; research and development strategies."

10. On or about August 27, 2012, as part of an Employee Equity Agreement, Hisa signed a Nondisclosure and Developments Agreement. In that agreement, Hisa promised to "hold in strictest confidence and not to use, except for the benefit of the Company, or to disclose to any person, firm, or corporation without written authorization of the Company, any Confidential Information." "Confidential Information" is defined in the agreement to include, among other things, "client lists, marketing or sales prospects, projected projects, [and] Company 'know how.'" The agreement also contains a "Non-Solicit" provision wherein Hisa promised: "During my employment . . . I will not directly or indirectly . . . induce or attempt to induce any

customer, supplier or other business relation of the Company or any subsidiary of the Company to cease doing business with such entity or in any way interfere with the relationship between any such customer, supplier or other business relation and such entity."

11. Hisa, Crone, and Kendall, while still employed by Zayo, engaged in an illegal, unethical, and fraudulent course of conduct, including a conspiracy to siphon away from Zayo a client business opportunity worth in excess of $1,000,000 through a secret scheme of deceit and lies.

12. This course of conduct involved, among other things, Zayo's relationship with Point 360, a post-production company based in Los Angeles. In the months preceding Zayo's acquisition of AboveNet, Point 360 approached AboveNet to purchase the construction of a nine to ten mile custom high-bandwidth network in the Los Angeles area. After acquiring AboveNet, Zayo continued to pursue this opportunity with Point 360. Kendall was assigned to the Point 360 account, and Crone and Hisa were both working with him on the custom opportunity when they were employed by AboveNet. The three of them remained assigned to and/or working on the opportunity after Zayo acquired AboveNet. However, instead of seeking to secure a contract between Zayo and Point 360, as their job duties and duty of loyalty to their employer required, Hisa, Crone, and Kendall used their positions and resources at Zayo and Zayo's confidential trade secret information to pursue the opportunity to benefit themselves individually, to the detriment of Zayo.

13. To further Defendants' conspiracy, on or about January 30, 2013, Hisa registered a business entity named "Interconnx" with the State of California, for the purpose of providing paid telecommunications services.

14. Although Defendants were working for their own benefit in seeking to secure the Point 360 project, they continued to use Zayo's resources, Zayo's confidential and trade secret information, and time in which they were being compensated by Zayo in order to perform the work for Interconnx.

15. For example, Crone sent multiple emails to Point 360 on behalf of Interconnx, negotiating terms of the project, all the while using an Interconnx logo on messages sent from his Zayo email account. On information and belief, Crone fraudulently claimed that Zayo was changing its name to Interconnx.

16. In addition, in or around January 2013, Kendall moved the Point 360 opportunity to "Closed/Lost" status in Zayo's project database, even though Zayo at all times continued to actively pursue this business opportunity, up until the opportunity was recently awarded to Zayo's competitor.

17. Defendants could not perform the work Point 360 required without assistance from a company, like Zayo, that could provide a dark fiber network. Therefore, on information and belief, they sought dark fiber network contracts through Freedom Telecommunications, Inc.—a direct competitor of Zayo.

18. In an email dated February 6, 2013, Freedom Telecommunications, Inc., introduced Hisa and Crone to the CEO of Wilshire Connection, LLC—another direct competitor of Zayo—in order to secure further assistance with the Point 360 opportunity.

19. Defendants never sought approval from anyone at Zayo to pursue the Point 360 project on behalf of their own interests rather than Zayo's.

20. After Zayo discovered the conduct of Defendants, Zayo confronted Hisa, who admitted his involvement and offered to immediately resign. Crone fled company premises once he learned that Zayo was investigating his conduct and resigned his employment the next morning. Kendall lied about his involvement when he was interviewed, and Zayo terminated his employment once his lies were exposed.

21. On information and belief, Wilshire Connection, LLC was recently awarded the Point 360 project.

22. On information and belief, Hisa is now seeking employment with one or both of the Zayo competitors with which he worked (through Interconnx) in diverting the Point 360 project away from Zayo.

# FIRST CLAIM

## Breach of Contract

### (Against Hisa)

23. Zayo restates and incorporates by reference paragraphs 1–22 of the Complaint as if fully restated herein.

24. On August 27, 2012, Hisa and Zayo entered into valid and binding agreement whereby Hisa agreed, in order to preserve Zayo's confidential and proprietary information, that he would not disclose, except for the benefit of the company, confidential information including projected projects. He also promised to not directly or indirectly induce business relations of Zayo to cease doing business with Zayo. He also promised not to compete with Zayo during the course of his employment and to refrain from soliciting customers and business opportunities of Zayo either during or after his employment.

25. Zayo performed each and every one of its obligations under the agreements.

26. Hisa breached his agreements by a course of improper and illegal conduct, including by conspiring with Crone, Kendall, and Interconnx to use Zayo's confidential and proprietary information in the solicitation of an existing customer of Zayo, ultimately resulting in that customer giving its business to a competing company in which Hisa had a beneficial interest.

27. As a direct and proximate result of Hisa's breach of the agreements, Zayo has suffered damage to its future profits in an amount in excess of $1,000,000 in addition to loses from prospective business that could have been acquired from Point 360 had Hisa not induced it to take its business to Interconnx, and ultimately to Wilshire Connection, LLC.

///

## SECOND CLAIM

### Breach of Fiduciary Duty of Loyalty

### (Against Hisa, Crone, and Kendall)

28. Zayo restates and incorporates by reference paragraphs 1–27 of the Complaint as if fully restated herein.

29. Hisa, Crone, and Kendall were employed by Zayo in positions of trust and confidence, as leaders and members of Zayo's sales team in Los Angeles. While so employed, Hisa, Crone, and Kendall were under a fiduciary duty to act solely for the benefit of Zayo and not contrary to Zayo's interests with respect to all matters connected with their employment relationship with Zayo.

30. While so employed in this position of trust and confidence, Hisa, Crone and Kendall breached their fiduciary duties to Zayo by their course of improper conduct, including by secretly organizing and operating a competing business, by improperly utilizing confidential information acquired during the course of their employment with Zayo, and by soliciting Zayo business opportunities for themselves and to the detriment of Zayo.

31. As a direct and proximate result of Defendants' breach of their fiduciary duties of loyalty, Zayo has suffered damage to its future profits in an amount in excess of $1,000,000 in addition to loses from prospective business that could have been acquired from Point 360 had Defendants not induced it to take its business to Interconnx, and ultimately to Wilshire Connection, LLC.

## THIRD CLAIM

### Breach of Duty of Confidence

### (Against Hisa, Crone, and Kendall)

32. Zayo restates and incorporates by reference paragraphs 1–31 of the Complaint as if fully restated herein.

203700533 v3


33. Zayo conveyed confidential and proprietary information to Hisa, Crone, and Kendall during the course of their employment at Zayo, including but not limited to information about Zayo's business opportunities.

34. Hisa, Crone, and Kendall knew that Zayo disclosed its confidential and proprietary information in confidence and with the understanding that Hisa, Crone, and Kendall owed a duty of confidence to Zayo.

35. There was an understanding between Hisa, Crone, and Kendall on the one hand, and Zayo on the other, that confidence and loyalty be maintained with regard to the disclosed confidential and proprietary information.

36. Hisa, Crone, and Kendall have breached their duties of confidence to Zayo by a course of improper and illegal conduct, including by collecting and using Zayo's confidential information for their own purposes and disclosing it to other companies.

37. As a direct and proximate result of Hisa, Crone, and Kendall's breach of their duties of loyalty and confidence, Zayo has suffered damage to its future profits in an amount in excess of $1,000,000 in addition to loses from prospective business that could have been acquired from Point 360 had they not induced it to take its business to Interconnx, and ultimately to Wilshire Connection, LLC.

## FOURTH CLAIM

### Intentional Interference With Prospective Economic Advantage

### (Against All Defendants)

38. Zayo restates and incorporates by reference paragraphs 1–37 of the Complaint as if fully restated herein.

39. Zayo had a valid prospective economic relationship with Point 360 for the construction of a custom high-bandwidth network. Zayo continued to actively pursue that opportunity, at all relevant times, up until it was recently awarded to Zayo's competitor.

40. Defendants were aware of the existence of this prospective economic relationship.

41. Defendants intended to interfere with this prospective economic relationship in order to benefit themselves.

42. Defendants' false representations about the relationship between Zayo and Interrconx, and other unfair, unlawful, and fraudulent conduct as alleged herein, constitutes a violation of Cal. Bus. & Prof. Code § 17200.

43. Defendants' conduct induced Point 360 to terminate its relationship with Zayo and enter a contract with Wilshire Connection, LLC.

44. As a direct and proximate result of Defendants' conduct, Zayo has suffered damage to its future profits in an amount in excess of $1,000,000 in addition to loses from prospective business that could have been acquired from Point 360 had Defendants not induced it to take its business to Interconnx, and ultimately to Wilshire Connection, LLC.

## FIFTH CLAIM

**Misappropriation of Trade Secrets in Violation of Cal. Civ. Code § 3426 *et seq.***

**(Against All Defendants)**

45. Zayo restates and incorporates by reference paragraphs 1–44 of the Complaint as if fully restated herein.

46. Defendants are in possession of Zayo's trade secret information. This information includes, but is not limited to, information related to Zayo's past, present and prospective future clients, sales techniques, and business strategies.

47. Zayo has taken reasonable steps to maintain the confidential and proprietary nature of these trade secrets, including without limitation, by enforcing its confidentiality polices applicable to all employees and by restricting access to such information on a need-to-know basis. This information has substantial value to Zayo, in part because it is confidential and proprietary, and has enormous economic value.

48. Defendants intend to improperly disclose and use Zayo's trade secrets, including by using them at their new employers, Interconnx and Wilshire Connection LLC, and have in fact already done so.

49. Zayo's remedy at law is not by itself sufficient to compensate Zayo for all the irreparable injuries inflicted and threatened by Defendants, including but not limited to the loss of confidential and trade secret information and business opportunities.

50. As a direct and proximate result of Defendants' misappropriation of Zayo's trade secrets, Zayo has suffered damage to its future profits in an amount in excess of $1,000,000 in addition to loses from prospective business that could have been acquired from Point 360 had Defendants not misappropriated Zayo's trade secrets.

## SIXTH CLAIM

**Unfair Competition, California Business & Professions Code § 17200, *et seq.***

**(Against All Defendants)**

51. Zayo restates and incorporates by reference paragraphs 1–50 of the Complaint as if fully restated herein.

52. Defendants willfully undertook unlawful, unfair, and fraudulent acts to harm Zayo, with knowledge of and disregard of its rights, and with the intention of causing harm to Zayo and benefitting themselves or others.

53. The unlawful conduct of Defendants, as alleged herein, constitutes unfair competition within the meaning of Business and Professions Code Section 17200 *et seq.*

54. As a direct and proximate result of the conduct described above, Defendants have been unjustly enriched at Zayo's expense and pursuant to Business and Professions Code Sections 17203 and 17535 should be required to disgorge and return to Zayo all monies acquired by means of such unlawful practices.

55. Pursuant to Business and Professions Code Section 17203, Zayo is entitled to restitution of all consideration rightfully belonging to it as a result of frustrated contracts or disrupted business relationships, including any applicable pre- or post-judgment interest.

56. Zayo is entitled to recover reasonable attorney's fees in connection with its unfair competition claims pursuant to Code of Civil Procedure Section 1021.5.

///

## PRAYER FOR RELIEF

WHEREFORE, Zayo prays for judgment as follows:

1. For judgment in favor of Zayo on the Complaint;
2. For damages, including compensatory, consequential, exemplary, and punitive damages, including any applicable interest, in an amount to be proved at trial;
3. For restitution;
4. For disgorgement and return to Zayo of all monies acquired by means of unlawful practices;
5. For costs of suit herein;
6. For reasonable attorneys' fees where authorized by statute and/or contract;
7. For injunctive relief to restrain defendants from further unlawful conduct; and
8. For such other and further relief as the Court may deem proper and just.

Dated: May 10, 2013

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GREGORY W. KNOPP
TIMOTHY B. DEL CASTILLO

By _____
Gregory W. Knopp
Attorneys for Plaintiff
Zayo Group LLC

203700533 v3

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Josephine Tucker and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 752 JST (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____CENTRAL_____ District of _CALIFORNIA_____

| | |
|---|---|
| ZAYO GROUP LLCS, INC., a Delaware limited liability company <br><br> _Plaintiff(s)_ <br> v. <br><br> ALEXANDRE HISA, an individual; BRUCE CRONE, an individual; MATTHEW KENDALL, an individual; INTERCONNX, INC., a California corporation <br> _Defendant(s)_ | **SACV13 - 00752 JST (JPRx)** <br><br> Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*



A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Gregory W. Knopp, Esq., Timothy B. Del Castillo, Esq.
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel No.: (310) 229-1000
Fax No.: (310) 229-1001

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: **MAY 10 2013**

CLERK OF COURT

**DODJIE LAGMAN**

_Signature of Clerk or Deputy Clerk_

AO-440

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____       _____
                               *Server's signature*

                               _____
                               *Printed name and title*

                               _____
                               *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
ZAYO GROUP LLC, a Delaware limited liability company

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
ALEXANDRE HISA, an individual; BRUCE CRONE, an individual; MATTHEW KENDALL, an individual; INTERCONNX, INC., a California corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Tel No. (310) 229-1000

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
[X] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | [X] 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | [X] 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
[X] 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes [X] No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes [X] No     [X] **MONEY DEMANDED IN COMPLAINT:** $ In excess of $1M

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. § 1332 Breach of Contract/Confidence/Loyalty, Tortious Interference with Prospective Economic Advantage, Misappropriation of Trade Secrets, Unfair Competition

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | **BANKRUPTCY** | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | [X] 190 Other Contract | ☐ 350 Motor Vehicle | **CIVIL RIGHTS** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 441 Voting | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY:   Case Number: **SACV13 - 00752 JST (JPRx)**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [x] NO [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [x] NO [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- [ ] A. Arise from the same or closely related transactions, happenings, or events; or
- [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
- [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- [ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Boulder County, Colorado |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 1) HISA-Orange County; 2) CRONE-Los Angeles; 3) KENDALL-Los Angeles; 4) INTERCONNX-Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE COUNTY |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____ **DATE:** May 10, 2013

GREGORY W. KNOPP

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |