MICHAEL I. KATZ (State Bar No. 181728)
mkatz@katzyoon.com
CHRISTOPHER D. HODSON (State Bar No. 246461)
chodson@katzyoon.com
**KATZ & YOON LLP**
4 Park Plaza, Suite 1040
Irvine, California 92614
Telephone: (949) 748-1910
Facsimile: (949) 242-2670

Attorneys for Defendants ALEXANDRE HISA and INTERCONNX, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAYO GROUP, LLC, a Delaware limited liability company | CASE NO. SACV13-00752 (JLS) (JPRx) |
| Plaintiffs, | Assigned to Hon. Josephine Staton |
| v. | |
| ALEXANDRE HISA, an individual; BRUCE CRONE, and individual; MATTHEW KENDALL, an individual; INTERCONNX, INC., a California Corporation | **DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMLAINT** |
| Defendants. | |

1

**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Alexandre Hisa ("Hisa"), through its counsel, answers the First Amended Complaint For Damages ("FAC") filed by Plaintiff Zayo Group LLC ("Plaintiff") as follows:

## JURISDICTION AND VENUE

1. Hisa admits that, pursuant to 28 U.S.C § 1332, this Court has jurisdiction over this subject matter, controversies between citizens of different states, and amounts in controversy which exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Hisa admits that, pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper because this is the district in which all parties reside and where a substantial amount of the events giving rise to the claims occurred.

## PARTIES

3. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the FAC, and on that basis denies each and every allegation contained therein.

4. Hisa admits the allegations of Paragraph 4 of the FAC.

5. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 of the FAC, and on that basis denies each and every allegation contained therein.

6. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the FAC, and on that basis denies each and every allegation contained therein.

7. Hisa denies the allegation of Paragraph 7 of the FAC.

## BACKGROUND

8. Hisa lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the allegations that Zayo is a global provider of bandwidth infrastructure, or that it acquired AboveNet, Inc. on July 2, 2012, or that it expanded its network, as alleged in Paragraph 8 of the FAC and, on that basis denies said allegations. Hisa admits that he was a Sales Director at AboveNet Communications, Inc., and that he was offered and accepted employment with Zayo with the same responsibilities, around the time it acquire AboveNet Communications, Inc. Hisa denies the remaining allegations of Paragraph 8 of the FAC as stated.

9. Hisa admits that he was shown a Zayo Employee Handbook purporting to identify Zayo's policies with respect to conflicts of interests and confidential business information and refers Zayo to a copy of the Employee Handbook for its contents, and that he acknowledged of receipt of same. Specifically, Zayo's Employee Handbook, or at least the version re-issued on February 2013, purports to set forth Zayo's policies on "Conflict of Interest," "Outside Employment," and "Non-Disclosure," and includes the excerpted language quoted or paraphrased by Zayo in Paragraph 9 of the FAC. Hisa lacks knowledge or information sufficient to form a belief as to whether Crone or Kendall acknowledged Zayo's purported written policies, and on that basis denies these allegations. Except as admitted, Hisa the allegations of Paragraph 9 of the FAC.

10. Hisa admits that he signed an Employee Equity Agreement and a Nondisclosure and Developments Agreement, the contents of which speak for themselves. Except as admitted, Hisa denies the allegations of Paragraph 10 of the FAC.

11. Hisa denies the allegation of Paragraph 11 of the FAC.

12. Hisa denies the allegation of Paragraph 12 of the FAC, except

3
**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

that Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph 12 of the FAC that "in the months preceding Zayo's acquisition of AboveNet, Point 360 approached AboveNet to purchase the construction of a nine to ten mile customer high-bandwidth network in the Los Angeles area," and on that basis denies said allegation.

13. Hisa admits to registering a business entity named "Interconnx" on or about January 30, 2013, with the State of California, with the stated purpose of engaging "in any lawful act or activity for which a corporation may be organized under the General Corporate Law of California other than the banking business, the trust company business, or the practice of a profession permitted to be incorporated by the California Corporations Code." Hisa denies the remaining allegations of Paragraph 13 of the FAC.

14. Hisa denies the allegation of Paragraph 14 of the FAC, except as to the allegations that relate to defendants Crone and/or Kendall's alleged use of Zayo's resources, with respect to which Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity and, on that basis denies said allegations.

15. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the FAC and, on that basis denies said allegations.

16. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the FAC and, on that basis denies said allegations.

17. Hisa admits that the services Point 360 was seeking required a dark fiber network. Hisa denies that Point 360 ever "required" that work of

any of the defendants. Hisa denies having any contact or communications with Point 360. Hisa denies any contacts or communications with Freedom Telecommunications, Inc. regarding Point 360, including denying that he ever sought any contracts through them related to Point 360. Hisa lacks sufficient information or belief to know whether any of the other defendants "sought dark fiber network contracts through Freedom Telecommunications, Inc. with respect to Point 360," and on that basis denies said allegations. Hisa admits that Freedom Telecommunications, Inc. was both a competitor of Zayo, and also a collaborator with Zayo under existing contracts between the companies. Except as admitted, Hisa denies the remaining allegations in Paragraph 17 of the FAC.

18. Hisa admits he and Crone were introduced to the CEO of Wilshire Connection, LLC via email on February 6, 2013. Hisa denies the remaining allegations in Paragraph 18 of the FAC.

19. Hisa alleges that Zayo, after acquiring AboveNet Telecommunications, Inc., instructed Hisa, Crone, Kendall, and many other former AboveNet sales personnel, that Zayo had no interest in pursuing deals on which the Net Present Value was $100,000 or less. Zayo's head of sales, John Real, instructed Hisa, Crone, Kendall, and many other former AboveNet sales personnel, that deals that were less than NPT $100,000 should not be pursued on behalf of Zayo, but that such deals could be referred out, at the discretion of the sales personnel. On information and belief, the Point 360 project had an NPV of less than $100,000. On the basis of these allegations, Hisa denies the allegations of Paragraph 19 of the FAC, which are predicated on the assumption that Zayo had an expressed interest in pursuing the Point 360 deal at the time that Crone and Kendall were speaking with Point 360.

5
**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

20. Hisa denies the allegations of Paragraph 20 that pertain to him. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the FAC that relate to Crone and Kendall, and, on that basis denies said allegations.

21. Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the FAC and, on that basis denies said allegations.

22. Hisa denies the allegation of Paragraph 22 of the FAC.

## FIRST CLAIM

### Breach of Contract

### (Against Hisa)

23. Hisa incorporates his responses to each and every allegation contained above in Paragraphs 1-22 of the FAC with the same force and effect as if fully set forth herein.

24. Hisa admits that he entered into an Employee Equity Agreement with Communications Infrastructure Investments, LLC, a Delaware limited liability company, and that he executed a Non-Disclosure and Developments Agreement which purports to be with "Zayo Group Holdings, Inc., and/or its Operating Subsidiaries." The contents of those agreements speak for themselves. Paragraph 24 contains conclusions of law as to which Hisa is not required to plead. As to those averments that are not conclusions of law, Hisa denies the remaining allegations in Paragraph 24.

25. Hisa denies the allegation of Paragraph 25 of the FAC.

26. Hisa denies the allegation of Paragraph 26 of the FAC.

27. Hisa denies the allegation of Paragraph 27 of the FAC.

6
**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

## SECOND CLAIM

### Breach of Fiduciary Duty of Loyalty

### (Against Hisa, Crone, and Kendall)

28. Hisa incorporates his responses to each and every allegation contained above in Paragraphs 1-27 of the FAC with the same force and effect as if fully set forth herein.

29. Hisa admits that he, Crone and Kendall were employed by Zayo as members of Zayo's sales team in Los Angeles. The remaining allegations of Paragraph 29 of the FAC contain legal conclusions to which no response is required. To the extent that the remaining allegations of Paragraph 29 contain allegations that are not legal conclusions, Hisa denies the same.

30. The allegations of Paragraph 30 of the FAC contain legal conclusions to which no response is required. To the extent that the remaining allegations of Paragraph 30 contain allegations that are not legal conclusions, Hisa denies the same.

31. Hisa denies the allegation of Paragraph 31 of the FAC.

## THIRD CLAIM

### Intentional Interference With Prospective Economic Advantage

### (Against All Defendants)

32. Hisa incorporates his responses to each and every allegation contained above in Paragraphs 1-31 of the FAC with the same force and effect as if fully set forth herein.

33. Hisa denies the allegation of Paragraph 33 of the FAC.

34. Hisa denies the allegation of Paragraph 34 of the FAC.

35. Hisa denies the allegation of Paragraph 35 of the FAC.

36. The allegations of Paragraph 36 of the FAC contain legal

DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT

conclusions to which no response is required. To the extent that the allegations of Paragraph 36 contain allegations that are not legal conclusions, Hisa denies the same.

37. Hisa denies the allegation of Paragraph 37 of the FAC.

38. Hisa denies the allegations of Paragraph 38 of the FAC.

## FOURTH CLAIM

**Misappropriation of Trade Secrets in Violation of Cal. Civ. Code § 3426 *et seq.***

**(Against All Defendants)**

39. Hisa incorporates his responses to each and every allegation contained above in Paragraphs 1-38 of the FAC with the same force and effect as if fully set forth herein.

40. Hisa denies the allegation of Paragraph 40 of the FAC as to him and as to Interconnx, Inc. The allegations of Paragraph 40 of the FAC contain legal conclusions to which no response is required. To the extent that the remaining allegations of Paragraph 40 contain allegations that are not legal conclusions, Hisa lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 40, and on that basis denies said allegations.

41. The allegations of Paragraph 41 of the FAC contain legal conclusions to which no response is required. To the extent that the remaining allegations of Paragraph 41 contain allegations that are not legal conclusions, Hisa denies the allegations.

42. Hisa denies the allegation of Paragraph 42 of the FAC.

43. Hisa denies the allegation of Paragraph 43 of the FAC.

44. Hisa denies the allegation of Paragraph 44 of the FAC.

## FIFTH CLAIM

**Unfair Competition, California Business and Professions Code § 17200,** *et seq.*
**(Against All Defendants)**

45. Hisa incorporates his responses to each and every allegation contained above in Paragraphs 1-44 of the FAC with the same force and effect as if fully set forth herein.

46. Hisa denies the allegation of Paragraph 46 of the FAC.

47. Hisa denies the allegation of Paragraph 47 of the FAC.

48. Hisa denies the allegation of Paragraph 48 of the FAC.

49. Hisa denies the allegation of Paragraph 49 of the FAC.

50. Hisa denies the allegation of Paragraph 50 of the FAC.

51. Hisa denies the allegation of Paragraph 51 of the FAC.

52. Hisa denies the allegation of Paragraph 52 of the FAC.

## RESPONSE TO PRAYER FOR RELIEF

The remaining allegations in Plaintiff's Complaint are merely prayers for relief. His denies that Plaintiff is entitled to any remedy or relief, including the relief requested in Plaintiff's Prayer for Relief, and denies that Plaintiff has suffered any injury or damages in this matter.

## AFFIRMATIVE DEFENSES

For their separate and independent affirmative defenses in this action, and without conceding that they bear the burden of proof or persuasion as to any of these defenses, DEFENDANTS allege as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure To State A Cause of Action)

PLAINTIFF's *Complaint* and the purported causes of action set forth

therein fail to allege facts sufficient to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

(Waiver)

PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

(Estoppel)

PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

(Unclean Hands)

PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

(Laches)

PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

(Bad Faith)

PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred and have always been, and continue to be, frivolous, unreasonable, in bad faith, and groundless, PLAINTIFF brought this action in bad faith and is, therefore, barred from any recovery in this action.

## SEVENTH AFFIRMATIVE DEFENSE

(Mitigation of Damages)

PLAINTIFF had a duty to mitigate his damages. DEFENDANTS allege that PLAINTIFF has not done so to the extent required by law. Therefore, PLAINTIFF's *Complaint*, and the purported causes of action set forth therein, are either barred, or any damages awarded thereunder should be reduced, to the extent PLAINTIFF failed to mitigate its damages.

### EIGHTH AFFIRMATIVE DEFENSE

(Causation)

To the extent that PLAINTIFF has suffered damages as alleged in his *Complaint,* which DEFENDANTS deny, such damages were not caused by the DEFENDANTS, but by the acts and omissions of PLAINTIFF itself and/or others, for whose conduct DEFENDANTS are not responsible for.

### NINTH AFFIRMATIVE DEFENSE

(Performance of Duties)

DEFENDANTS performed all contractual, statutory, and all other duties they owed to PLAINTIFF under applicable law. Therefore, PLAINTIFF's *Complaint* and the purported causes of action set forth therein are barred,

### TENTH AFFIRMATIVE DEFENSE

(Unjust Enrichment)

Granting PLAINTIFF's demand in the complaint will result in the PLAINTIFF receiving more money than it is entitled to.

### ELEVENTH AFFIRMATIVE DEFENSE

(Attorney's Fees Not Recoverable)

PLAINTIFF is not entitled to reimbursement of attorney's fees.

### TWELFTH AFFIRMATIVE DEFENSE

**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

(Preemption)

PLAINTIFF's claims are preempted by California's Uniform Trade Secrets Act, Civil Code Section 3426.7.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

PLAINTIFF's claims are barred by the applicable statute of limitations.

### FOURTEENTH AFFIRMATIVE DEFENSE

(License)

DEFENDANTS had a right to do the acts alleged in the complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

(Standing)

PLAINTIFF lacks standing to assert the claims set forth in the Complaint in that he has not been damaged in his business or property within the meaning of the statute relied upon in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Setoff)

DEFENDANT is entitled to a setoff for injuries/damage that PLAINTIFF has caused DEFENDANT.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Pleading Uncertain)

The Complaint, and each of its purported claims, is uncertain in that they are ambiguous and unintelligible, for among other reasons, in that they fail to identify with particularity what confidential and proprietary information is alleged to have been improperly taken or used.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**

(Privilege)

DEFENDANTS actions alleged in the Complaint were at all times reasonable, privileged and justified.

### NINTEENTH AFFIRMATIVE DEFENSE

(Bad Faith – Attorney's Fees)

PLAINTIFF's filing and continued prosecution of its claim for violation of California's Uniform Trade Secrets Act is made in bad faith. DEFENDANT is entitled to attorney's fees under Section 3426.4 of California's Civil Code.

DATED: October 21, 2013    KATZ & YOON LLP


By: _____/s/_____
MICHAEL KATZ
Attorneys for Alexandre Hisa and Interconnx, LLC

**DEFENDANT ALEXANDRE HISA'S ANSWER TO FIRST AMENDED COMPLAINT**