MICHAEL I. KATZ (State Bar No. 181728)
*mkatz@katzyoon.com*
CHRIS HODOSN (State Bar No. 209663)
*chodson@katzyoon.com*
**KATZ & YOON LLP**
4 Park Plaza, Suite 1040
Irvine, California 92614
Telephone:   (949) 748-1910
Facsimile:    (949) 242-2670

Attorneys for Counter-Claimant
ALEXANDRE HISA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ZAYO GROUP, LLC<br>a Delaware limited liability company<br><br>             Plaintiff,<br><br>    v.<br><br>ALEXANDRE HISA, an individual; BRUCE CRONE, an individual; MATTHEW KENDALL, an individual; INTERCONNX, a California Corporation<br><br>             Defendants<br><br>―――――――――――――――<br><br>ALEXANDRE HISA, an individual;<br><br>             Counter-Claimant,<br><br>    v.<br><br>ZAYO GROUP LLC,<br>A Delaware limited liability company, and J. DOES 1-20<br><br>             Counter-Defendants. | CASE NO. 8:13-cv-00752-JLS-JPR<br><br>**COUNTERCLAIMS OF ALEXANDRE HISA AGAINST ZAYO GROUP LLC FOR:**<br><br>1. **FAILURE TO PAY WAGES** (Cal. Lab. Code § 204(a))<br><br>2. **FAILURE TO PAY WAGES DUE AT TERMINATION** (Cal. Lab. Code § 202)<br><br>3. **FAILURE TO PROVIDE ACCURATE, ITEMIZED WAGE STATEMENTS** (Cal. Lab. Code § 226)<br><br>4. **WAITING TIME PENALTIES** (Cal. Lab. Code § 203)<br><br>**DEMAND FOR JURY TRIAL** |

1  Counter-Claimant Alexandre Hisa ("Hisa") hereby brings these Counterclaims for unpaid
2  wages and penalties and defamation against Counter-Defendant Zayo Group, LLC ("Zayo") as
3  follows:

**THE PARTIES**

4  1. Counter-Claimant Alexandre Hisa ("Hisa") is, and at all relevant times was, a
5  citizen of the State of California residing in the County of Orange. Hisa was formerly employed
6  by Zayo as a Sales Director for Southern California.

7  2. Hisa is informed and believes, and thereon alleges, that at all times relevant to this
8  Counterclaim, Counter-Defendant Zayo Group, LLC was a limited liability company organized
9  and existing under the laws of the State of Delaware, with its principal place of business in
10 Colorado because Zayo's sole member, Zayo Group Holding, Inc. is a Delaware corporation with
11 its principal place of business in Colorado.

12 3. Hisa is ignorant of the true names and capacities of counter-defendants sued herein
13 as J. Does 1 through 20, inclusive, and therefore sues these cross-defendants by such fictitious
14 names (together with Zayo, "Counter-Defendants"). Hisa will seek leave to amend this
15 Counterclaim to allege the true names and capacities of such fictitious counter-defendants when
16 they are ascertained. Hisa alleges that each of the Counter-Defendants sued herein as J. Does 1
17 through 20, inclusive, are in some manner responsible in whole or in part for the injuries which
18 have been, are being, and will be suffered by Hisa, as alleged herein.

19 4. Hisa is informed and believes, and thereon alleges, that each named and fictitious
20 counter-defendant sued herein was the agent, employee, officer, director, partner, principal, and/or
21 co-conspirator of every other named and fictitious counter-defendant, and that the acts of each
22 named and fictitious counter defendant were within the scope of such agency, employment,
23 service, partnership, and/or conspiracy in engaging in the acts and/or omissions alleged herein.

**JURISDICTION AND VENUE**

24 5. This Court has original jurisdiction over the subject matter of this action pursuant
25 to 27 U.S.C. § 1332. This is a controversy between citizens of different states, and the amount in

1  controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

2    6.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because
3  this is the judicial district where plaintiff resides and where a substantial part of the events giving
4  rise to the claims occurred.

## GENERAL ALLEGATIONS

6    7.   Zayo is a provider of bandwidth infrastructure services.  Hisa was hired by Zayo as
7  a Director of Sales on or about July 12, 2012, a position he held until he was terminated on March
8  22, 2013.

9    8.   At the time of his termination by Zayo, Hisa's employment with Zayo was
10  governed by a Sales Leader Compensation Plan, pursuant to which, in addition to a base salary,
11  Hisa was to be paid commissions based on purchase orders generated by sales persons in his
12  group, and based on the Net Present Value ("NPV") of that sale upon installation of the services
13  sold.

14    9.   During his employment with Zayo in the months of February and March, the sales
15  teams reporting to Hisa generated sales for which Zayo improperly and willfully withheld earned
16  commissions.  Zayo improperly withheld commissions due and owing on any installations in the
17  months of February and March on purchases orders signed by sales teams reporting to Hisa.

18    10.   Zayo did not pay the outstanding commissions earned by and owed to Hisa at the
19  time of his resignation, and has not paid these amounts to him since.

20    11.   Zayo also has not paid Hisa commissions owed on deals for which a purchase order
21  was signed prior to his termination, and with respect to which services were installed after his
22  resignation as scheduled or planned.

## FIRST CLAIM FOR RELIEF

**Failure to Pay Wages Due – Cal. Lab. Code § 204(a)**

**(Against Zayo and J. Does 1-15)**

26    12.   Zayo realleges the allegations set forth in paragraphs 1 through 11 and incorporates
27  each by reference as though set forth in full herein.

28

2

13. During 2012, Counter-Defendants improperly and willfully withheld commissions Hisa had earned and was due.

14. Hisa was thus not paid all wages he was due, in violation of Section 204(a) of the California Labor Code.

15. Counter-Defendants' failure to pay Hisa all wages he is due entitles him to seek recovery of attorneys' fees and costs, according to proof.

16. Defendants' failure to pay Hisa all wages he is due entitles him to seek recovery of interest, according to proof.

## SECOND CLAIM FOR RELIEF

**Failure to Pay All Wages Due at Termination – Cal. Lab. Code § 202**

**(Against Zayo and J. Does 1-15)**

17. Zayo realleges the allegations set forth in paragraphs 1 through 16 and incorporates each by reference as though set forth in full herein.

18. During 2012, Counter-Defendants improperly and willfully withheld paying Hisa commissions he earned and was due.

19. Hisa was thus not paid all wages he was due within 72 hours of his termination, in violation of Section 202(a) of the California Labor Code.

20. Counter-Defendants' failure to pay Hisa all wages he is due entitles him to seek recovery of attorneys' fees and costs, according to proof.

21. Counter-Defendants' failure to pay Hisa all wages he is due entitles him to seek recovery of interest, according to proof.

## THIRD CLAIM FOR RELIEF

**Failure to Provide Accurate, Itemized Wage Statements – Cal. Lab. Code § 226**

**(Against Zayo and J. Does 1-15)**

22. Hisa realleges the allegations set forth in paragraphs 1 through 23 and incorporates each by reference as though set forth in full herein.

23. As a matter of policy and practice, Counter-Defendants routinely failed to provide

3

to Hisa either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee; (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions; (5) net wages earned; (6) the inclusive dates of the period for which the employee is paid; (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number; (8) the name and address of the legal entity that is the employer; and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  Such failure was in violation of Section 226 of the California Labor Code.

24. Such acts and/or omissions of Counter-Defendants caused Hisa to suffer damages in amounts according to proof.

### FOURTH CLAIM FOR RELIEF

**Waiting Time Penalties – Cal. Lab. Code § 203**

(**Against Zayo and J. Does 1-15**)

25. Hisa realleges the allegations set forth in paragraphs 1 through 26 and incorporates each by reference as though set forth in full herein.

26. Within 72 hours' of Hisa's termination, Counter-Defendants failed to pay Hisa all wages due and owing to him.  This failure to pay all wages owed continued for a period exceeding 30 days from the date of Hisa's termination.  Such acts and/or omissions were in violation of Section 203 of the California Labor Code.

27. Pursuant to Section 203 of the California Labor Code, Hisa is entitled to recover wages at his daily wage rate at the time of his resignation, for a period of 30 days.

### PRAYER

WHEREFORE, Hisa prays for judgment against Counter-Defendants as follows:

1. An award of general and compensatory damages according to proof;
2. Recovery of all wages and available penalties under the California Labor Code;

4

COUNTERCLAIMS OF ALEXANDRE HISA AGAINST ZAYO GROUP, LLC

1     3.     Reasonable attorneys' fees;

2     4.     Costs of suit incurred herein;

3     5.     Pre-judgment interest; and

4     6.     For such other and further relief as the Court may deem appropriate.

DATED: October 21, 2013         KATZ & YOON LLP

By:     /s/
MICHAEL I. KATZ
CHRIS HODSON
Attorneys for COUNTER-CLAIMANT
ALEXANDRE HISA

5

COUNTERCLAIMS OF ALEXANDRE HISA AGAINST ZAYO GROUP, LLC

**DEMAND FOR JURY TRIAL**

Hisa hereby demands trial by jury as to all issues so triable.

DATED:  October 21, 2013            KATZ & YOON LLP


By:   _____/s/_____
   MICHAEL I. KATZ
   CHRIS HODSON
   Attorneys for COUNTER-CLAIMANT
   ALEXANDRE HISA

4834-9716-8147, v.  1