FILED

1  BROWN, WEGNER & BERLINER LLP
   Matthew K. Wegner (SBN 223062)
2     mwegner@bwb-lawyers.com
   Matthew A. Berliner (SBN 224384)
3     mberliner@bwb-lawyers.com
   Janet S. Park (SBN 263511)
4     jpark@bwb-lawyers.com
   2603 Main Street, Suite 1050
5  Irvine, California 92614
   Telephone: (949) 705-0080
6  Facsimile: (949) 794-4099

7  Attorneys for Defendant
   MATTHEW KENDALL
8

2013 OCT 21   PM 3: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  ZAYO GROUP, LLC,<br>    a Delaware limited liability company,<br>13<br>14           Plaintiff,<br>15  v.<br>   ALEXANDRE HISA, an individual;<br>16  BRUCE CRONE, an individual;<br>   MATTHEW KENDALL, an individual;<br>17  INTERCONNX, INC., a California<br>   corporation,<br>18<br>           Defendants.<br>19<br>20  MATTHEW KENDALL,<br>21           Counterclaimant,<br>22  v.<br>23  ZAYO GROUP, LLC,<br>24           Counterdefendant. | Case No.  SACV13-00752 JLS(JPRx)<br>Before the Hon. Josephine L. Staton<br><br>**MATTHEW KENDALL'S ANSWER<br>TO ZAYO GROUP, LLC'S FIRST<br>AMENDED COMPLAINT; AND<br>COUNTERCLAIMS AGAINST ZAYO<br>GROUP, LLC; AND<br>JURY TRIAL DEMAND**<br><br><br>Complaint filed:     May 10, 2013 |

25

26

27

28

BY FAX

ORIGINAL

---

## ANSWER

Defendant Matthew Kendall ("Kendall" or "Defendant"), for himself and no other party, hereby answers the First Amended Complaint of Zayo Group, LLC ("Zayo" or "Plaintiff"), as follows:

All allegations, declarations, claims and assertions contained within the First Amended Complaint ("FAC") that are not expressly admitted below are denied.

1.      The allegations in paragraph 1 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 1.

2.      The allegations in paragraph 2 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 2.

3.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and, on that basis, denies such allegations.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, denies such allegations.

5.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies such allegations.

6.      Admit.

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies such allegations.

8.      Defendant admits that he was an employee of AboveNet Communications, Inc., and that he subsequently became an employee of Zayo.  As to all other allegations, Defendant lacks knowledge or information sufficient to form a

2

belief as to the truth of the allegations in paragraph 8 and, on that basis, denies such allegations.

9.     The allegations in paragraph 9 assert legal conclusions to which no response is required.  Further, the referenced written policies (if they exist) would be the best evidence of their contents. To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies such allegations.

11.     Deny.

12.     Deny.

13.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies such allegations.

14.     Deny.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies such allegations.

16.     Deny.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, denies such allegations.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies such allegations.

19.     Defendant denies that he pursued the Point 360 project on behalf of his own interest.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and, on that basis, denies

3

1   such allegations

2      20.   Defendant denies that he lied to Zayo.  Defendant admits that Zayo

3   terminated him without cause.  Defendant otherwise lacks knowledge or information

4   sufficient to form a belief as to the truth of the remaining allegations in paragraph 20

5   and, on that basis, denies such allegations.

6      21.   Defendant lacks knowledge or information sufficient to form a belief as

7   to the truth of the allegations in paragraph 21 and, on that basis, denies such

8   allegations.

9      22.   Defendant lacks knowledge or information sufficient to form a belief as

10  to the truth of the allegations in paragraph 22 and, on that basis, denies such

11  allegations.

12     23.   The allegations in paragraph 23 assert legal conclusions to which no

13  response is required.  To the extent a response is deemed necessary, Defendant denies

14  each and every allegation in paragraph 23, and incorporates his responses to this

15  point.

16     24.   Defendant lacks knowledge or information sufficient to form a belief as

17  to the truth of the allegations in paragraph 24 and, on that basis, denies such

18  allegations.

19     25.   Defendant lacks knowledge or information sufficient to form a belief as

20  to the truth of the allegations in paragraph 25 and, on that basis, denies such

21  allegations.

22     26.   Defendant denies that he conspired with anyone related to the allegations

23  in paragraph 26. Defendant lacks knowledge or information sufficient to form a belief

24  as to the truth of the rest of the allegations in paragraph 26 and, on that basis, denies

25  such allegations.

26     27.   Defendant lacks knowledge or information sufficient to form a belief as

27  to the truth of the allegations in paragraph 27 and, on that basis, denies such

28  allegations.

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

28.     The allegations in paragraph 28 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 28, and incorporates his responses to this point.

29.     The allegations in paragraph 29 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 29.

30.     Deny.

31.     Deny.

32.     The allegations in paragraph 32 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 32, and incorporates his responses to this point.

33.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and, on that basis, denies such allegations.

34.     Defendant denies that he was aware of the alleged "prospective economic relationship." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 34 and, on that basis, denies such allegations.

35.     Defendant denies that he intended to interfere with any prospective economic relationship inuring to Plaintiff.  As to all other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and, on that basis, denies such allegations.

36.     Defendant denies that he made false representations to Plaintiff.  As to all other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 and, on that basis, denies such allegations.

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

37.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and, on that basis, denies such allegations.

38.     Defendant denies that Plaintiff suffered any damage because of Defendant's actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 38 and, on that basis, denies such allegations.

39.     The allegations in paragraph 39 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 39, and incorporates his responses to this point.

40.     Defendant denies he is the possession of Plaintiff's trade secrets. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 as to the other defendants. The rest of the allegations in paragraph 40 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 40.

41.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies such allegations.

42.     Defendant denies that he works for either Interconnx or Wilshire Connection LLC, and that he intends or intended to improperly disclose Zayo's trade secrets to anyone.  As to all other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, denies such allegations.

43.     The allegations in paragraph 43 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 43.

6

44.     Defendant denies that he misappropriated Zayo's trade secrets. Defendant denies that Zayo suffered any damages from Defendant's actions. The remaining allegations in paragraph 44 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 44.

45.     The allegations in paragraph 45 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 45, and incorporates his responses to this point.

46.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies such allegations.

47.     Defendant denies the allegations in paragraph 47 as to himself only. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 as to the other defendants and, on that basis, denies such allegations.

48.     The allegations in paragraph 48 assert legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendant denies each and every allegation in paragraph 48.

49.     Defendant denies that Zayo suffered any loss because of Defendant's conduct. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the rest of the allegations in paragraph 49 and, on that basis, denies such allegations.

50.     Defendant denies the allegations in paragraph 50 as to himself only. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 as to the other defendants and, on that basis, denies such allegations.

51.     Defendant denies the allegations in paragraph 51 as to himself only.

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

1  Defendant denies that Zayo is entitled to any restitution pursuant to Business and
2  Professions Code Section 17203. Defendant lacks knowledge or information sufficient
3  to form a belief as to the truth of the allegations in paragraph 51 as to the other
4  defendants and, on that basis, denies such allegations.

5      52.   Denied.

6      Prayer:

7      Paragraph 1. Defendant denies that Plaintiff is entitled to any recovery
8  whatsoever from Defendant.

9      Paragraph 2. Defendant denies that Plaintiff is entitled to any recovery
10 whatsoever from Defendant.

11     Paragraph 3. Defendant denies that Plaintiff is entitled to any recovery
12 whatsoever from Defendant.

13     Paragraph 4. Defendant denies that Plaintiff is entitled to any recovery
14 whatsoever from Defendant.

15     Paragraph 5. Defendant denies that Plaintiff is entitled to any recovery
16 whatsoever from Defendant.

17     Paragraph 6. Defendant denies that Plaintiff is entitled to any recovery
18 whatsoever from Defendant.

19     Paragraph 7. Defendant denies that Plaintiff is entitled to any recovery
20 whatsoever from Defendant.

21     Paragraph 8. Defendant denies that Plaintiff is entitled to any recovery
22 whatsoever from Defendant.

23 **AFFIRMATIVE AND OTHER DEFENSES**

24     In further response to Plaintiff's First Amended Complaint, Defendant alleges
25 the following separate and distinct affirmative defenses, without conceding that they
26 bear the burden of proof or persuasion as to any of them:

27 **First Affirmative Defense**

28     Plaintiff's claims are barred, in whole or in part, because the First Amended

Complaint, and each purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Defendant.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiff lacks standing to maintain some or all of their claims.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and waiver.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of equitable and collateral estoppel.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

### Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of impossibility, impracticability and frustration.

### Eighth Affirmative Defense

The First Amended Complaint, and each purported cause of action alleged therein, fails to allege facts sufficient to allow recovery of attorneys' fees.

### Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant has been released of all alleged obligations to plaintiff.

### Tenth Affirmative Defense

Defendant is entitled to an offset or set off against any recovery or amounts to

9

which plaintiffs may be entitled, if any, by virtue of the parties' and third parties' acts, omissions and conduct with respect to the matters alleged in Defendant's counter-claims.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because there has been a failure of a condition subsequent that excused performance or otherwise made performance of any alleged obligation or duty unnecessary.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiffs have not suffered any damages.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate damages.

### Fifteenth Affirmative Defense

If Plaintiff sustained any of the damages alleged, such damages were caused or contributed to by the carelessness, negligence, want of care, or other conduct or misconduct on the part of Plaintiff; and, in the event that Defendant is found liable for any of the damages alleged, Defendant is entitled to have her liability diminished in proportion to the culpable conduct of the Plaintiff.

### Sixteenth Affirmative Defense

If Plaintiff sustained any of the damages alleged, such damages were caused or contributed to by the conduct of persons or entities other than Defendant over which Defendant had no control and for which Defendant is not liable or responsible; and, in the event that Defendant is found liable for any of the damages alleged, Defendant is

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

1 entitled to have their liability diminished in proportion to the culpable conduct of such

2 persons or entities.

### Seventeenth Affirmative Defense

4 Plaintiff's claims are barred, in whole or in part, because no act or omission by

5 Defendant was the cause in fact or the proximate cause of any alleged damages.

### Eighteenth Affirmative Defense

7 Plaintiff's claims are barred, in whole or in part, because Defendant acted

8 reasonably and in good faith at all times material herein based on all relevant facts and

9 circumstances known by her at the time she so acted and in reliance upon

10 representations of and information provided by Plaintiff and third parties.

### Nineteenth Affirmative Defense

12 Plaintiff's claims are barred, in whole or in part, because the alleged damages,

13 if any, are speculative.

### Twentieth Affirmative Defense

15 Plaintiff's claims are barred, in whole or in part, because plaintiff has not relied

16 upon any acts or representations, whether true or untrue, on the part of Defendant, nor

17 has Defendant been involved in any concealment, omission, fraud, negligence or

18 breaches of duty.

### Twenty-First Affirmative Defense

20 Plaintiff's claims are barred, in whole or in part, because of Plaintiff lacks of

21 justifiable reliance.

### Twenty-Second Affirmative Defense

23 Plaintiff's claims are barred, in whole or in part, for failure to plead with the

24 requisite degree of particularity.

### Twenty-Third Affirmative Defense

26 Plaintiff's claims are barred, in whole or in part, because each and every act of

27 Defendant was justified, proper, legal, fair and not done in derogation of Plaintiffs'

28 rights or legal interests.

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because plaintiffs' wrongful conduct excuses Defendant from performing any obligation that may be alleged in the First Amended Complaint.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would constitute unjust enrichment.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because each is fatally uncertain.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant has performed fully all contractual, statutory and other duties, if any, owed to Plaintiff.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification and affirmance.

### Twenty-Ninth Affirmative Defense

Plaintiff's recovery under the Complaint should be barred, or reduced, to the extent Defendant has claims and have been injured as the result of Plaintiff's actions or omissions.

### Thirtieth Affirmative Defense

Defendant lacks information or knowledge sufficient to form a belief as to whether they may have other, as yet unstated, affirmative defenses available. Defendant, therefore, reserves the right to assert additional affirmative defenses in the event discovery or other factual developments indicate it would be appropriate.

///

///

///

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

## COUNTER CLAIMS

Defendant and Counterclaimant Matthew Kendall hereby counter-claims and alleges against Plaintiff and Counterdefendant Zayo Group, LLC, as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over Kendall's counterclaims under 28 U.S.C. § 1367 because the counterclaims arise out of the same transaction and occurrence that is the subject matter of the claims in the original action, and does not require adding another party over whom the Court does not have jurisdiction.

2.      This Court has personal jurisdiction over ZAYO GROUP, LLC ("Zayo") because Zayo has appeared in this action by filing its Complaint with this Court.

3.      Venue is proper because all of the events and omissions giving rise to Kendall's counterclaims occurred in this district, and this district court has jurisdiction over Kendall's counterclaims.

## BACKGROUND FACTS

4.      In 2012, Matthew Kendall was an employee of AboveNet, Inc.

5.      On or around July 2, 2012, Zayo Group, LLC acquired AboveNet, Inc., and on the same day, Zayo offered Kendall an employment position as Account Executive, with a salary, commissions, sales incentives, reimbursement of business expenses, health benefits, paid time off and vacation benefits.

6.      Kendall accepted Zayo's offer of employment on July 3, 2012.

7.      During his employment with Zayo, Kendall participated in Zayo's Sales Compensation Plan, which outlined certain commission payments, accelerator incentives, and other bonus sales incentives.

8.      During his employment with Zayo, Kendall was consistently the top salesperson for Zayo by bringing in top numbers for contracts signed with Zayo with high net present value.

9.      Zayo's business practice was to review the sales numbers based upon each contract's net present value for each sales person. If the sales person did not meet

certain goals, the salesperson was put on a "performance enhancement plan" in order to encourage better numbers. Only after a sales person was put on the "performance enhancement plan" and did not improve their sales numbers, was that sales person terminated.

10.     Kendall was never placed on a "performance enhancement plan" by Zayo.

11.      On March 22, 2013, Zayo's attorney met with Kendall, where Zayo's attorney told Kendall that he was suspended, not because of Kendall's performance, but for an unrelated reason that does not constitute good cause. On the same day, Zayo's attorney emailed Kendall announcing that Kendall was officially terminated.

12.     As a salesperson, Kendall received a salary, commissions, bonuses and incentives per Zayo's compensation plan.

13.     Zayo calculates commissions for its salespersons based upon preliminary and final commissions reports generated by Zayo's salesforce.com software that it uses for its business.

14.     During his employment, Kendall also received reimbursement for business expenses incurred while carrying out his employment duties for Zayo.

15.     Kendall's employment with Zayo was terminated on March 22, 2013.

16.     As of March 22, 2013, Kendall has not received commissions from Zayo based on Kendall's final commissions report.

17.     As of March 22, 2013, Kendall has not received its business expense reimbursement from Zayo.

## FIRST CLAIM FOR RELIEF

### Non-Payment of Wages

### in Violation of Cal. Labor Code §§ 201, 218

18.     Counterclaimant Kendall realleges and incorporates herein by reference as though fully set forth the allegations of paragraphs 1 through 17 inclusive, of this Counterclaim.

14

19.    Pursuant to Labor Code § 201 and the Wage Orders, Zayo was required to pay all wages earned and unpaid at the time it terminated Kendall's employment.

20.    Zayo has willfully and knowingly failed to accurately calculate and pay Kendall's salary and commission from July 3, 2012 to March 22, 2013.

21.    Pursuant to California Labor Code § 218 and § 218.5, Kendall is entitled to an award of damages against Zayo for unpaid wages, in an amount to be proven at trial, plus interest and reasonable costs and attorneys' fees.

## SECOND CLAIM FOR RELIEF

### Waiting Time Penalties - Cal. Labor Code §§ 203, 218

22.    Counterclaimant Kendall realleges and incorporates herein by reference as though fully set forth the allegations of paragraphs 1 through 21 inclusive, of this Counterclaim.

23.    Zayo has failed to pay all wages owed at the time of Kendall's termination, in violation of Labor Code § 201.

24.    Zayo's failure to pay all salaries and commissions was willful, thereby resulting in a 30-day waiting time penalty pursuant to Labor Code § 203.

25.    Kendall is entitled to payment of reasonable attorneys' fees and costs of suit in recovering the additional pay pursuant to Labor Code §§ 218.5 and 218.6.

## THIRD CLAIM FOR RELIEF

### Accounting for Commissions and Unreimbursed Expenses

26.    Counterclaimant Kendall realleges and incorporates herein by reference as though fully set forth the allegations of paragraphs 1 through 25 inclusive, of this Counterclaim.

27.    Kendall has diligently and faithfully rendered his services to Zayo and performed all of the terms and conditions of Kendall's employment agreement with Zayo on his part to be performed.

28.    Zayo has not accounted for Kendall's salary, commissions, and business expenses due and owing to Kendall as of March 22, 2013.

15

29.     The precise amount of Kendall's salary, commissions, and business expenses owed to Kendall can only be determined by an accounting of Zayo's books and records, including information found on Zayo's salesforce.com account.

30.     Kendall has demanded an accounting by Zayo for Kendall's compensation owed to him, and has demanded payment of the compensation due him based upon Kendall's employment, and sales and expense reports. Zayo has failed and refused, and continues to fail and refuse to make such an account or to pay Kendall the compensation due to him.

## FOURTH CLAIM FOR RELIEF

### Unfair Competition - Cal. Business & Professions Code §§ 17200 et seq.

31.     Counterclaimant Kendall realleges and incorporates herein by reference as though fully set forth the allegations of paragraphs 1 through 30 inclusive, of this Counterclaim.

32.     Zayo failed to pay Kendall all salary and commissions in violation of Labor Code § 201, the Wage Orders, and other authority under California law. Such actions and/or conduct constitutes a violation of the California Unfair Competition Law ("UCL"), as set forth in Business & Professions Code § 17200, et seq.

33.     As a direct result of the unfair business practices of Zayo, Kendall is entitled to restitution and disgorgement of all unpaid wages, interest, penalties and costs incurred during the last for years of Kendall's employment, pursuant to Business & Professions Code §§ 17203 and 17208, plus attorneys' fees, all amounts as yet unascertained and subject to proof at trial.

WHEREFORE, Kendall prays for judgment against Zayo, as follows:

1.     For an award of damages for unpaid wages owed to Kendall, in an amount to be proven at trial;

2.     For waiting time penalties, according to proof;

3.     For an accounting of wages owed to Kendall;

16

MATTHEW KENDALL'S ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

4.    For prejudgment interest and interest on the sum of damages awarded;

5.    For restitution and disgorgement of any benefits acquired by means of acts alleged above;

6.    For reasonable attorneys' fees according to proof;

7.    For costs of suit incurred;

8.    And for such other and further relief as the court deems just and proper.


DATED: October 21, 2013          BROWN, WEGNER & BERLINER LLP

                                 By:  Matthew K. Wegner
                                      Matthew A. Berliner
                                      Janet S. Park

                                 Attorneys for Defendant/Counterclaimant
                                 MATTHEW KENDALL


## JURY TRIAL DEMAND

Counterclaimant Matthew Kendall demands a trial by jury of all issues so triable.

DATED: October 21, 2013          BROWN, WEGNER & BERLINER LLP

                                 By:  Matthew K. Wegner
                                      Matthew A. Berliner
                                      Janet S. Park

                                 Attorneys for Defendant/Counterclaimant
                                 MATTHEW KENDALL

17

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in Orange County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2603 Main Street, Suite 1050, Irvine, California 92614.

On October 21, 2013, I served the foregoing document described as:
**MATTHEW KENDALL'S ANSWER TO ZAYO GROUP, LLC'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIMS AGAINST ZAYO GROUP, LLC; AND JURY TRIAL DEMAND**

on the following interested parties in this action as follows:

Gregory W. Knopp, Esq.
Damien P. DeLaney, Esq.
Akin Gump Strauss Hauer & Feld LLP
2029 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.229.1000
Facsimile: 310.229.1001
gknopp@akingump.com
ddelaney@akingump.com
[Attorneys for Plaintiff ZAYO GROUP LLC]

Michael I. Katz, Esq.
Christopher D. Hodson, Esq.
Katz & Yoon LLP
4 Park Plaza, Suite 1040
Irvine, CA 92614
Telephone: 949.748.1910
Facsimile: 949.242.2670
mkatz@katzyoon.com
[Attorneys for Defendants ALEXANDRE HISA and INTERCONNX, INC.]

Neil B. Klein, Esq.
Michael Fischer, Esq.
McKasson & Klein LLP
2211 Michelson Drive, Suite 320
Irvine, CA 92612
Telephone 949.724.0200
Facsimile 949.724.0201
neilk@mckassonklein.com
mfischer@mckassonklein.com
[Attorneys for Defendant BRUCE CRONE]

☒ **BY U.S. MAIL:** I enclosed a true copy of the document by placing it in an envelope addressed as above, then sealing the envelope, and placing the sealed envelope, with postage thereon fully prepaid, for collection and mailing following Brown, Wegner & Berliner LLP's ordinary business practices. I am readily familiar with the regular mailing collection and processing practices of this office by means of which mail is deposited with the United States Postal Service that same day in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct. Executed this October 21, 2013, at Irvine, California.

_____
Mae Galvez, PLS

PROOF OF SERVICE